IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEATRIZ I. MALLORY, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | 3:19-CV-744 |
| | : | (JUDGE MARIANI) |
| WELLS FARGO BANK, N.A., | : | |
| | : | |
| Defendant. | : | |
| BEATRIZ I. MALLORY, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | 3:19-CV-1235 |
| | : | (JUDGE MARIANI) |
| WELLS FARGO BANK, N.A., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

This case arises from the alleged breach of a Stipulation which was intended to resolve two cases between the parties that have since been closed.

### Case No. 3:19-cv-00744

On April 1, 2019, Plaintiff filed the operative Fourth Amended Complaint in the Court of Common Pleas of Wayne County, Pennsylvania. (Civil Action No. 3:19-cv-00744, Doc. 1-2). This complaint alleges violations of the federal Truth in Lending Act ("TILA") as well as breach of contract and a number of other state law claims. (*See generally id.*). On May 1, 2019, Defendant removed the action to this Court. (Civil Action No. 3:19-cv-00744, Doc. 1).

1

On May 8, 2019 Defendant filed a Counterclaim against Plaintiff alleging breach of contract on the grounds that Plaintiff did not comply with her obligations under the Stipulation. (*Id.* at Doc. 4).

**Case No. 3:19-cv-01235**

On June 27, 2019, Plaintiff filed a Petition for Contempt to Compel Enforcement of Stipulation in the Court of Common Pleas of Wayne County, Pennsylvania. (Civil Action No. 3:19-cv-01235, Doc. 1-1). This Petition alleges Defendant violated the Stipulation to which both parties agreed. On July 18, 2019, Defendant removed the state court action to this Court. (*See* Civil Action 3:19-cv-01235, Doc. 1).

On February 27, 2020, the parties participated in a Settlement Conference; however, no settlement was reached. (*See* Civil Action No. 3:19-cv-00744, Doc. 30, 33).

On July 31, 2019, Defendant filed a Motion to Consolidate these cases. (Civil Action No. 3:19-cv-00744, Doc. 14; Civil Action No. 3:19-cv-01235, Doc. 9). The issues have been fully briefed and Defendant's Motion is ripe for disposition.

For the reasons set forth below, the Court will grant Defendant's Motion to Consolidate.

## II. Factual Allegations

Plaintiff's Fourth Amended Complaint (Civil Action No. 3:19-cv-00744, Doc. 1-2) and Petition for Civil Contempt to Compel Enforcement of Stipulation and Payment of All Legal Fees (Civil Action No. 3:19-cv-01235, Doc. 1-1) alleges the following facts:

Plaintiff Beatriz I. Mallory is a property owner in Pennsylvania. (Civil Action No. 3:19-cv-00744, Doc. 1-2, at ¶ 3). Defendant Wells Fargo Bank, N.A. is a corporation "engaged in the business of consumer lending" with its principal place of business in San Francisco, California. (*Id.* at ¶ 2).

Defendant was the servicer of Plaintiff's two home mortgage loans on real properties 19B Hilltop Road and 19D Hilltop Road in Newfoundland, Pennsylvania. (*Id.* at ¶¶ 4-5). On August 1, 2011, the parties agreed to the Stipulation (referred to by Plaintiff as "Court Order/Agreement/Contract") to resolve two cases which were pending at the time in the Wayne County Court of Common Pleas related to these real properties. (*Id.* at ¶ 8; *see also* Case No. 690-CIVIL-2010; Case No. 889-CIVIL-2010). The Stipulation provided terms regarding: outstanding taxes and insurance payments on Plaintiff's real properties, legal fees, foreclosure, writing of new mortgages, modification of mortgages with third parties, HAMP applications, Plaintiff's credit report, and the dismissal of two lawsuits. (*Id.* at 128-34).

**Case No. 3:19-cv-00744 ("First Federal Action")**

Plaintiff filed a five-count complaint in Pennsylvania state court, which has been removed by Defendant to this Court. (*See* Civil Action No. 3:19-cv-00744, Doc. 1, Doc. 1-2). Plaintiff alleges that Defendant has not complied with various terms within the Stipulation. (*See, e.g., id.* at ¶ 16). Plaintiff's Fourth Amended Complaint alleges: violations of the Unfair Trade Practice and Consumer Protection Law (*Id.* at ¶¶ 168-176), violations of the Truth In

Lending Act (*Id.* at ¶¶ 177–86), breach of contract (*Id.* at ¶ 188-215), libel and slander (*Id.* at ¶¶ 216–-7), and wrongful use of civil proceedings and abuse of process (*Id.* at ¶¶ 229-45).

**Case No. 3:19-cv-01235 ("Second Federal Action")**

In addition to filing the Fourth Amended Complaint, Plaintiff later filed a "Petition for Civil Contempt to Compel Enforcement of Stipulation and Payment of All Legal Fees" in Pennsylvania state court, which Defendant removed to this Court. (*See* Civil Action No. 3:19-cv-01235, Doc. 1, Doc. 1-1). Plaintiff alleges Defendant has violated the Stipulation in a number of ways and has done so "capriciously and with defiance." (*Id.* at ¶ 3). Plaintiff alleges Defendant's actions amount to "unilaterally nullify[ing] the Court Order." (*Id.*).

### III. ANALYSIS

Defendant seeks to consolidate Civil Action No. 3:19-cv-00744 and Civil Action No. 3:19-cv-1235 under Rule 42(a) of the Federal Rules of Civil Procedure. (Civil Action No. 3:19-cv-00744, Doc. 14).

Rule 42(a) provides, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). The district court has "broad power to consolidate cases that share common questions of law or fact." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir. 2014)(quoting *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir.1964)). If there are two possibly duplicative actions, the "most

administratively efficient procedure" is to consolidate the matters as this will "avoid two trials on closely related matters." *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977).

The First Federal Action presents the question of whether the Defendant and/or Mallory has breached the Stipulation. The Second Federal Action raises the question of whether the Defendant has complied with the Stipulation. These are the same question of law. It is not in the interests of justice to separately answer this question in the context of two cases as it is "possibly an invitation to controversy in one proceeding as to what had been decided in another." *Ellerman*, 339 F.2d at 675. The resolution of the question in the Second Federal Action may impact the First Federal Action and vice versa. Consolidation would prevent conflicting judgments in these cases based on this common question.

Plaintiff argues, "A Petition for Contempt, has a separate standard of law, compared to the standard for a breach of contract, unfair trade practices, defamation, wrongful use of civil process and violations of regulation Z case…" (Civil Action No. 3:19-cv-00744, Doc. 16, at 4). The fact that the elements and standards of laws are different for contempt proceedings and for the causes of action in the First Federal Action is immaterial. Plaintiff cites no reason why the Court would not be able to, within a consolidated case, adjudicate these issues fairly using different standards of law.

Additionally, Plaintiff concedes that there are common facts, "Mallory and Wells Fargo are the same in each case." (*Id.* at 7). There are other common facts in addition to the parties in the cases; most importantly, the Stipulation at issue in each case is the same

5

document (*Compare* Civil Action No. 3:19-cv-00744, Doc. 1-2, at 126-134 *and* Civil Action No. 3:19-cv-01235, Doc. 1-1 at 310-18).

Even if there are common questions of law and fact, the Court must still "balance the probable savings of time and effort against the likelihood that a party might be prejudiced, inconvenienced or put to extra expense." *Bernardi v. City of Scranton*, 101 F.R.D. 411, 413 (M.D. Pa. 1983). Here, the cases involve the same parties who are each represented by the same attorneys. *Cf. Gray v. Ratanchandani*, No. 3:16-CV-00701, 2016 WL 6433040, at *2 (M.D. Pa. Oct. 31, 2016)("[I]t seems patently unfair to require different plaintiffs…to join forces as if they filed suit together"); *Mincy v. Chmielewski*, No. CIV.A. 1:05-CV-0292, 2006 WL 1997457, at *2 (M.D. Pa. July 17, 2006)(holding two cases with thirty-six defendants, but only three in common, could not be consolidated). The cases also rely on the same fundamental evidence, namely the Stipulation. *Cf. Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 81 (D.N.J. 1993)(denying consolidation where two cases required an excess of different evidence, risking confusion of the factual issues). Furthermore, the cases are essentially at the same procedural phase as discovery has not commenced in either case.

Plaintiff argues that she will be prejudiced because she will be "denied her rights to enforce a court order…, denied her protection from foreclosure…, [and] denied the sanctions in a contempt action…" (Civil Action No. 3:19-cv-00744, Doc. 16, at 6-7). However, consolidation "does not merge the suits into a single cause, or change the rights

of the parties." *Newfound Mgmt. Corp. v. Lewis,* 131 F.3d 108, 116 (3d Cir. 1997)(quoting *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496–97, 53 S.Ct. 721, 727-28, 77 L.Ed. 1331 (1933). Moreover, consolidated cases are "not necessarily merged forever and for all purposes." *Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.,* 999 F.2d 745, 750 (3d Cir. 1993). Plaintiff presents no reasons why this Court in a consolidated action would not be able to enforce the Stipulation if the case required it. (Civil Action No. 3:19-cv-00744, Doc. 16, at 6-7). Plaintiff does not explain how the consolidation would mean she would be unable to pursue both the Petition and the claims in the First Federal Action, like the UTPCPL, TILA, and slander claims. (*Id.* at 3). Additionally, Plaintiff presents no reason why the Second Federal Action would need to be heard first. (*Id.* at 3).

Plaintiff argues that consolidation will prejudice her as she "will continue to accure [sic] substantial unrestrained and wrongly unreimburesed [sic] legal fees." (Civil Action No. 3:19-cv-00744, Doc. 22, at 11). Plaintiff does not explain why litigating two separate cases and conducting two different discovery periods would cause her to accrue more legal fees than if the cases were consolidated. (*Id.*).

Civil Action No. 3:19-cv-00744 and Civil Action No. 3:19-cv-01235 have common questions of law and fact. Consolidation will not cause prejudice, inconvenience, or expense to either of the parties. Instead, consolidation would facilitate the administration of justice and reduce the burden on both the Court and the parties by avoiding duplicative litigation.

## IV. CONCLUSION

Therefore, for the reasons set forth in this Memorandum Opinion, the Court will grant Defendant's Motion to Consolidate pursuant to Rule 42 of the Federal Rules of Civil Procedure (Civil Action No. 3:19-cv-00744, Doc. 14; Civil Action No. 3:19-cv-1235, Doc. 9). A separate Order follows.

__s/ Robert D. Mariani_____
Robert D. Mariani
United States District Court Judge